# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:14-cv-00279-FDW-DCK

| | |
|---|---|
| TD BANK, N.A., <br><br> **Plaintiff,** <br><br> vs. <br><br> GRACE UNLIMITED VENTURES, LLC, JOY KIDS VENTURES, LLC, HENRY O. EMEZIE AND ANTHONIA O. EMEZIE, <br><br> **Defendants.** | **ORDER AND DEFAULT JUDGMENT** |

THIS MATTER is before the Court on Plaintiff TD Bank, N.A.'s, ("Plaintiff") Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. No. 8). For the reasons set forth below, Plaintiff's Motion is GRANTED.

On May 30, 2014, Plaintiff filed suit against Grace Unlimited Ventures, LLC, Joy Kids Ventures, LLC, Henry O. Emezie, and Anthonia O. Emezie (collectively "Defendants") alleging default on two promissory notes. Based on the record before it, the Court finds that the Defendants Grace Unlimited Ventures, LLC and Joy Kids Ventures, LLC were properly served with the summons and complaint in this action on June 4, 2014. (Doc. No. 6). Also, the court finds that Defendants Henry O. Emezie and Anthonia O. Emezie were properly served with the summons and complaint in this action on June 6, 2014. (Id.) Further, it appears as though this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1267, and personal jurisdiction over Defendants pursuant to their contractual agreement with Plaintiffs. (Doc. No. 1, exhibit 2-9). Defendants are not infants or incompetents. Defendants have nonetheless failed to answer or otherwise defend the action within the time permitted by the

Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered Defendants' default on July 8, 2014. (Doc. No. 9). Plaintiff now requests default judgment on its claims, plus an award of attorney's fees.

**LEGAL STANDARD**

The award of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure, which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. North Am. Land Corp., No. 1:08–cv–501, 2010 WL 2723727, at *2 (W.D.N.C. Jul.8, 2010).

## ANALYSIS

To determine damages on these two claims the court relies on affidavits and documentary evidence in the record. (Doc. No. 1, Exhibit 2-14).

### A. Claims for Default on the Notes

This Court finds in favor of Plaintiff TD Bank N.A. and against Defendants Grace Unlimited Ventures, LLC, Joy Kids Ventures, LLC, Henry O. Emezie, and Anthonia O. Emezie, jointly and severally, for Default on the First Note, in the sum of $1,193,863.85, plus interest at the rate $168.41 per day from and after May 2, 2014 until date of entry of judgment and thereafter at the legal rate until paid in full. For Default on the Second Note, this Court finds in favor of Plaintiff TD Bank N.A. and against Defendants Grace Unlimited Ventures, LLC, Joy Kids Ventures, LLC, Henry O. Emezie, and Anthonia O. Emezie, jointly and severally, in the sum of $74,775.64, plus interest at the rate of $13.00 per day from and after May 2, 2014 until date of entry of judgment and thereafter at the legal rate until paid in full.

### B. Attorney's Fees

Plaintiff also requests attorney's fees pursuant to N.C. Gen.Stat. § 6-21.2. Under North Carolina law, a party generally cannot recover attorney's fees "unless such a recovery is expressly authorized by statute." Stillwell Enters., Inc. v. Interstate Equip. Co., 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). Section 6–21.2 of the North Carolina General Statute allows for an award of attorneys' fees in actions to enforce obligations owed under a promissory note or other "evidence of indebtedness" that itself provides for payment of attorney's fees. Section 6-21.2 further provides that when a note or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor without specifying any specific percentage,

"such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said note . . . ." N.C. Gen.Stat. § 6–21.2(2). Section 6–21.2 also requires a creditor to notify all parties sought to be held on the obligation that the creditor will seek to enforce the attorney's fees provision contained in the note or other evidence of indebtedness and that if the party pays the outstanding balance within five days from the mailing of such notice, then the attorney's fee obligation shall be void. N.C. Gen.Stat. § 6–21.2(5). Where "the provisions in the Note and Guaranties regarding payment of attorneys' fees are valid and enforceable and where neither Defendant has paid the outstanding balance on the Note, the Plaintiff is entitled to recover from the Defendants its attorneys' fees in an amount of 15% of the outstanding balance of the Note at the time that suit was filed. . . ." FDIC v. Dion Holdings, LLC, No. 1:11–cv–00083, 2012 WL 6212655, at *4 (W.D.N.C. Dec.13, 2012).

Since the notes and guaranties do not specify an amount of fees to be awarded, Plaintiff is entitled to recover attorney's fees in an amount equal to 15% of the outstanding balance of the note. Additionally, demand was made upon Defendants by letter dated May 6, 2014, but Defendants have failed and refused to pay both notes. (Doc. No. 1, Exhibit 10). Pursuant to Section 6-21.2(5), Plaintiff's letter made demand for payment of the remaining Notes indebtedness. This letter also notified Defendants that Plaintiff intended to collect attorney's fees if payment of the outstanding balances were not made within five days from the date of said notification. The outstanding balances have not been paid and more than five days have elapsed since the mailing of said notification. Therefore, the court awards for Default on the First Note, $179,786.90 in reasonable attorneys' fees, which is 15% of the outstanding indebtedness due and owing at the time suit was instituted on May 30, 2014. For Default on the Second Note, the court

awards $11,270.95 in reasonable attorneys' fees, which is 15% of the outstanding indebtedness due and owing at the time suit was instituted on May 30, 2014.

## Conclusion

Judgment is hereby entered in favor of Plaintiff TD Bank N.A. and against Defendants Grace Unlimited Ventures, LLC, Joy Kids Ventures, LLC, Henry O. Emezie, and Anthonia O. Emezie, jointly and severally, for Default on the First Note, in the sum of $1,193,863.85, plus interest at the rate of $168.41 per day from and after May 2, 2014 until date of entry of judgment and thereafter at the legal rate until paid in full, plus $179,786.90 in reasonable attorneys' fees. For Default on the Second Note, judgment is hereby entered in favor of Plaintiff TD Bank N.A. and against Defendants Grace Unlimited Ventures, LLC, Joy Kids Ventures, LLC, Henry O. Emezie, and Anthonia O. Emezie, jointly and severally, in the sum of $74,775.64, plus interest at the rate of $13.00 per day from and after May 2, 2014 until date of entry of judgment and thereafter at the legal rate until paid in full, plus $11,270.95 in reasonable attorneys' fees. Accordingly, Defendants are jointly and severally liable to Plaintiff for $1,459,697.34, which is the total of $1,193,863.85 for Default on the First Note, $74,775.64 for Default on the Second Note, and $191,057.85 in attorney's fees.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Default Judgment (Doc. No. 8), is GRANTED. The Clerk's Office is respectfully directed to enter judgment in Plaintiff's favor in the amount of $1,459,697.34 and to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: July 17, 2014

Frank D. Whitney
Chief United States District Judge